**CV 12                    4052**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DENNIS DICKERSON,

                           Plaintiff,                        COMPLAINT

                    - against -               GERSHON, J.

THE CITY OF NEW YORK, PETER BORUKHOV,
JOHN DOE and JANE DOE, the names being
presently unknown and fictitious, employees of   SUMMONS ISSUED
the New York City Police Department,

                          Defendants.        Jury Trial Demanded

------------------------------------------------------------------x

       Dennis Dickerson, by his attorney, The Law Office of Matthew Flamm,

alleges the following upon information and belief as his Complaint:

### Nature of the Action

       1.     This civil rights action arises from Defendants' May 8, 2010 arrest

and subsequent prosecution of Dennis Dickerson on the false claim that he

criminally trespassed at 654 Kingsborough 6th Walk, Brooklyn, New York, a

building which is part of a New York City Housing Authority development known

as the Kingsborough Houses.  Plaintiff lives at 553 Kingsborough 5th Walk, also

part of the Kingsborough Houses and, on the date in question, was an invited

guest of his grandmother, Marjorie Warren, who lives in 654 Kingsborough 6th

Walk.  Plaintiff seeks compensatory and punitive damages for violation of his civil

rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

       2.     This action arises under the United States Constitution and 42

U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§1331 and §1343(3). Plaintiff also requests that this Court exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of

operative facts as do plaintiff's federal claims.

      3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Eastern

District of New York because defendant City of New York resides in that judicial

District.

Parties

      4.      Plaintiff DENNIS DICKERSON, Jr. is a citizen of the United States of

America residing in the State and City of New York, County of Kings. He is

African-American, eighteen years of age, and has lived with his family for more

than ten years at 553 Kingsborough 5th Walk, part of the Kingsborough Houses.

On May 8, 2010, plaintiff was sixteen years of age. He was at all times relevant a

student at the A. Philip Randolph Campus High School on 135th Street in

Manhattan.

      5.      Defendant CITY OF NEW YORK is a Municipal Corporation within

New York State. Pursuant to §431 of its Charter, the City of New York has

established and maintains the New York City Department of Police as a

constituent department or agency. At all times relevant, the City of New York

employed the Police personnel involved in the incident underlying this lawsuit.

      6.      Defendants PETER BORUKHOV, Shield 16023, JOHN DOE and

JANE DOE, who appeared to be defendant Borukhov's partner on May 8, 2010

(together the "individual defendants"), were at all times relevant police officers

acting within the scope of their employment by defendant City of New York's

-2-

Police Department, and assigned, upon information and belief, to the 77th Precinct in Brooklyn, New York.

7.     The individual defendants are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Dickerson was subjected, despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

8.     At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying
Plaintiff's Claims for Relief

9.     On or about, May 8, 2010, defendants Borukhov and his partners, John Doe and Jane Doe, accosted and then unlawfully detained and then arrested Dennis Dickerson on the false claim of criminally trespassing in 654 Kingsborough 6th Walk, a building next to plaintiff's home at 553 Kingsborough 5th Walk; both buildings are in the the New York City Housing Authority development known as the Kingsborough Houses./[1]

10.    The designation of a housing development as "Public Housing" encourages and causes police officers, including those involved in the arrest and prosecution of Mr. Dickerson, to believe that they can with impunity stop, search,

---

1. The Kingsborough Houses consist of sixteen, six-story residential buildings with about one thousand one hundred and fifty apartments. It is bordered by Ralph and Rochester Avenues, and Pacific and Bergen Streets.

question, and arrest without individualized suspicion or probable cause people in or even near such buildings.

11.     Mr. Dickerson was lawfully in 654 Kingsborough 6th Walk and walking up the building's stairs to visit his grandmother, Marjorie Warren, who lives on the fourth floor.

12.     The individual defendants stopped Mr. Dickerson and, first, falsely accused him of possessing and then discarding marijuana and then arrested him for criminally trespassing, going so far as to thereafter omit from Court documents that plaintiff had told the individual defendants that his grandmother lived in the building and that he had permission to be there.

13.     Plaintiff was not involved in illegal activity and the two defendants had no lawful justification to stop, question and arrest Mr. Dickerson.

14.     Plaintiff was brought in handcuffs to the 77th Precinct Stationhouse where he was held for approximately eight hours.

15.     Defendants Boroukhov, his partners, and others prepared or allowed to be prepared false police reports accusing Dennis Dickerson of crimes.

16.     After the arrest paper work was completed, Mr. Dickerson was released with a Desk Appearance Ticket requiring plaintiff, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court on June 15, 2010.

17.     After Mr. Dickerson was released, defendant Borukhov made false statements to the Kings County District Attorney's Office supporting the prosecution.

-4-

18.     Defendant Borukhov's misrepresentations caused plaintiff to be prosecuted under Kings County Docket No. 2010KN047514 on the false charge of Trespass in the Second Degree (P.L. §140.15[1], a misdemeanor punishable up to one year in jail), Criminal Trespass in the Third Degree (P.L. §140.10[e], a B misdemeanor punishable by up to three months in jail) and Trespass (P.L. §140.05, a violation).

19.     Mr. Dickerson appeared in Court on June 15, 2010, was arraigned on the false charges, released and again required, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the baseless charges on August 24, 2010 and November 3, 2010, when the prosecution was dismissed on the motion of the District Attorney.

20.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Dickerson.

21.     The individual defendants' acts and omissions caused Mr. Dickerson to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

22.     The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

-5-

PLAINTIFF'S FEDERAL CLAIMS
AGAINST THE INDIVIDUAL DEFENDANTS

23.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

24.     The conduct of the individual defendants as described herein amounted to unlawful seizure and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a consequence thereof, Dennis Dickerson has been injured.

PLAINTIFF'S STATE CONSTITUTIONAL
CLAIMS AGAINST THE DEFENDANTS

26.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

27.     The conduct described herein deprived Dennis Dickerson of rights secured by Article 1 Section 12 of the Constitution of the State of New York, including plaintiffs' rights to be free from arrest and prosecution without probable cause.

28.     As a consequence thereof, Dennis Dickerson has been injured.

PLAINTIFF'S FEDERAL CLAIMS
AGAINST THE CITY OF NEW YORK

29.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

30.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including

-6-

instructing, supervising, monitoring and controlling the individual defendants herein.

31.     Defendant City's enforcement of criminal trespass laws in and around Housing Authority developments is without adequate training, supervision, monitoring or control and has resulted in a de facto policy, pattern and practice of illegal stops, seizures, arrests and prosecutions, including the stop, seizure, arrest, and prosecution of Dennis Dickerson.

32.     The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, and prosecutions based on purported enforcement of the criminal trespass laws.

33.     The NYPD's policy, pattern and practice amounts to a roving pedestrian checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as Dennis Dickerson without individualized objective facts supporting trespass claims.

34.     The City has failed to supervise and discipline NYPD officers who unlawfully stop, question, seize, search, arrest and prosecute individuals for trespass.  On information and belief, the City does not monitor criminal trespass arrests and prosecutions for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when charges are dismissed or where it is otherwise established that an individual such as Dennis Dickerson was arrested without lawful basis.

-7-

35.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

36.     As a consequence thereof, Dennis Dickerson has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered

(A)     that Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated;

(B)     that Plaintiff's rights under Article One, Section Twelve of the New York State Constitution were violated;

(C)     Compensatory damages in an amount to be fixed at trial;

(D)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants Borukhov and Does in an amount to be fixed at trial;

(E)     An award to plaintiff of the costs and disbursements herein;

(F)     An award of attorney's fees under 42 U.S.C. §1988; and

(G)     Such other and further relief as this Court may deem just and proper.

Dated: August 14, 2012
       Brooklyn, New York

Law Office of Matthew Flamm
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

Matthew Flamm